UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: JOSE ANTONIO RODRIGUEZ,

        Debtor.
_____/

JOSE RODRIGUEZ,

        Plaintiff/Appellee,                  Bkrptcy No. 04-47510-PJS
                                                                       Adversary No. 05-5149-PJS
                                                                       HON. PHILLIP J. SHEFFERLY
vs.                                                                         Case No. 08-CV-10637
                                                                       HON. GEORGE CARAM STEEH

FEDEX FREIGHT EAST, INC.,

        Defendant/Appellant.
_____/

<u>ORDER AFFIRMING BANKRUPTCY COURT'S
JANUARY 31, 2008 ORDER DENYING DEFENDANT FEDEX'S
MOTION FOR SUMMARY JUDGMENT ON REMAND
AND EXTENDING DISCOVERY THROUGH AUGUST 19, 2008</u>

      FedEx Freight East, Inc. appeals from the Bankruptcy Court's January 31, 2008 Opinion and Order denying FedEx's motion for summary judgment as to plaintiff Jose Rodriguez's remaining claim that FedEx failed to promote him to a supervisory position because of his Hispanic national origin, in violation of Michigan's Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2101, <u>et</u> <u>seq</u>.. A hearing on the appeal was held on May 19, 2008. For the reasons set forth at the hearing and below, the Bankruptcy Court's January 31, 2008 Opinion and Order denying FedEx's motion for summary judgment will be AFFIRMED.

**I. Background**

      On June 27, 2007, a panel of the Sixth Circuit affirmed this court's earlier decision granting FedEx's motion for summary judgment as to Rodriguez's ELCRA claims of a

hostile work environment, constructive discharge, and retaliation. In re Rodriguez, 487 F.3d 1001 (6th Cir. 2007). The panel also vacated that part of the court's prior decision granting FedEx summary judgment as to Rodriguez's ELCRA claim that he was not promoted to supervisor because of his Hispanic national origin, with a 2-1 majority concluding that alleged statements made by FedEx Regional Human Resources Manager Rodney Adkinson constituted "direct evidence" of discrimination:

> [Customer Service Manager John] McKibbon found Rodriguez to be qualified for the [supervisor] position and claims that he would have hired Rodriguez but for Adkinson's stated concern that Rodriguez's accent and speech pattern would adversely impact Rodriguez's ability to rise through the company ranks. Former FedEx Manager Dale Williams ("Williams") similarly avers that when he asked Adkinson why Rodriguez had not been selected for promotion, Adkinson replied with disparaging remarks concerning Rodriguez's "language" and "how he speaks" and stated that Rodriguez was difficult to understand.

In re Rodriguez, 487 F.3d at 1005-6. Writing for the majority, Circuit Court Judge Karen Moore explains that "[i]n direct evidence cases, once a plaintiff shows that the prohibited classification played a motivating part in the employment decision, the burden of both production and persuasion shifts to the employer to prove that it would have terminated the employee even if it had not been motivated by impermissible discrimination." Id at 1007 (quoting Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)). Recognizing that this court had analyzed the failure to promote claim as an "indirect evidence" case under the burden-shifting McDonnell Douglas approach, the matter was remanded for further review:

> The question, then, is whether FedEx has borne its burden by demonstrating that it would have refused to promote Rodriguez even absent a discriminatory motive. FedEx argues that Rodriguez's failure to complete the [Leadership Apprentice Course (LAC)], combined with FedEx's claimed policy against promoting drivers directly into supervisory positions, satisfy that burden. Because it is for the district court to make this determination, applying the appropriate standard, in the first instance, Thaddeus-X v.

2

> Blatter, 175 F.3d 378, 399 (6th Cir. 1999) (en banc), we vacate the grant of
> summary judgment in favor of FedEx on Rodriguez's failure-to-promote claim
> and remand that claim for further proceedings.

In re Rodriguez, 487 F.3d at 1009-10. In a concurring opinion, Circuit Court Judge Alice Batchelder agreed with this court that Adkinson's statements constituted "indirect evidence" of discrimination, but found that "Rodriguez has provided enough circumstantial evidence to withstand FedEx's motion for summary judgment[.]" Id.

On remand from the Sixth Circuit, this court remanded the matter to the Bankruptcy Court. Bankruptcy Judge Phillip Shefferly issued a January 31, 2008 Opinion denying FedEx's motion for summary judgment after initially determining that the motion should be decided solely on the record as it existed before the Court of Appeals. The Bankruptcy Judge found that FedEx met its burden of demonstrating that it would have refused to promote Rodriguez even absent the "direct evidence" of discrimination because Rodriguez did not dispute that he failed to complete the LAC. The Bankruptcy Judge further concluded that the affidavits of FedEx Customer Service Manager McKibbon and former FedEx Manager Williams, attesting that Rodriguez was "qualified," created a genuine factual dispute whether FedEx would have refused to promote Rodriguez for failing to complete the LAC. FedEx appeals this ruling.

## II. Argument

Fed Ex points out that, on initial review, both the Bankruptcy Court and this court concluded in applying the McDonnell Douglas "indirect evidence" analysis that Fed Ex came forward with a legitimate reason for denying Rodriguez a promotion - that it was undisputed that Rodriguez never completed the requisite LAC course - and that Rodriguez failed to meet his burden of coming forward with evidence to rebut the LAC requirement as a pretext for discrimination. Fed Ex argues that McKibbon's and Williams' affidavits

3

attesting that Rodriguez was "qualified" for a promotion are only subjective opinions, and do not rebut Adkinson's attestations that completing the LAC is a prerequisite for promotion to supervisor. FedEx asserts that the LAC requirement and Rodriguez's failure to complete the LAC remain undisputed, requiring summary judgment on a finding that FedEx has met its burden of demonstrating that it would have refused to promote Rodriguez even absent a discriminatory motive.

Rodriguez counters that the prior McDonnell Douglas analysis is irrelevant in this "direct evidence" case, which now requires FedEx not only to merely *proffer* a legitimate reason for failing to promote Rodriguez, but to *prove* the legitimate reason - failure to complete the LAC. Rodriguez argues that McKibbon's and Williams' affidavits establish that he was "qualified" for a supervisor position notwithstanding his failure to complete the LAC, allowing a jury to find that completion of the LAC was not a bona fide promotion requirement. Rodriguez also questions Adkinson's credibility by arguing FedEx has failed to proffer a written policy that requires completion of the LAC as a qualification for promotion. Rodriguez stresses that former FedEx Manager Williams's attestations that he would have promoted Rodriguez but for Adkinson's comments about Rodriguez's accent provides additional support for sending this matter to a jury. Rodriguez notes that Judge Batchelder has already determined in her concurring opinion that a question of fact remains whether Rodriguez's failure to complete the LAC was pretextual.

### III. Analysis

This court's standard of review is de novo. See In re Charfoos, 979 F.2d 390, 392 (6th Cir. 1992). In "indirect evidence" cases, once the plaintiff establishes a prima facie case of unlawful employment discrimination – that he is a member of the protected group, that he was qualified for the job, that he suffered an adverse employment action, and that

4

the adverse action occurred under circumstances giving rise to an inference of discrimination – the defendant employer has only the burden of proffering or articulating a legitimate reason for its action. In re Rodriguez, 487 F.3d at 1008. Analyzed under this "indirect evidence" standard, this court found that Rodriguez failed to establish three of the four prima facie elements: that he was denied a promotion (finding he never applied and that it was not futile to apply); that he was qualified for the position of supervisor (finding he never completed the LAC, and that the LAC was a bona fide prerequisite for promotion); and that the circumstances did not give rise to an inference of unlawful discrimination. With the Sixth Circuit majority finding of "direct evidence" of discrimination, Rodriguez's prima facie case is now presumed because "direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." In re Rodriguez, 487 F.3d at 1007. The challenged employment action here is the failure to promote. If the jury believes that Atkinson made statements regarding Rodriguez's "language" and "how he speaks," these statements "*require*[] the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Id (emphasis added). On remand, and presuming Atkinson made the statements as the court must on summary judgment, Rodriguez's failure to promote claim has been pushed beyond the prima facie stage to the point where FedEx now has the burden of both producing evidence of, and proving that, FedEx would have denied Rodriguez a promotion even if FedEx had not been motivated by impermissible discrimination. Id.

In its initial opinion, this court found in the alternative that, even if Rodriguez established a prima facie case, "Rodriquez failed to proffer evidence to permit a reasonable juror to find that his failure to complete the LAC courses was a pretext for race

5

discrimination, and that unlawful race discrimination was a motivating factor for denying his promotion to supervisor." May 30, 2006 District Court Order, at 15-16. To show pretext in an "indirect evidence" case, the plaintiff has the burden of both production and persuasion to demonstrate that the employer's proffered legitimate reason either: (1) has no basis in fact; (2) did not actually motive the employer's conduct; or (3) was insufficient to warrant the conduct. Blair v. Henry Filters, Inc., 505 F.3d 517, 532 (6th Cir. 2007) (Moore, J.). With the Sixth Circuit's finding of "direct evidence," the burden of production and persuasion falls on defendant FedEx. If a jury believes Atkinson made the discriminatory statements, the jury will be permitted to conclude that FedEx's failure to promote Rodriguez was motivated at least in part by unlawful prejudice, and that failure to complete the LAC was not the factor that actually motivated FedEx. In re Rodriguez, 487 F.3d at 1007. The majority opinion's finding of "direct evidence" effectively displaced this court's reasoning with respect to pretext. On remand, the burden of persuasion is now upon FedEx to demonstrate it is beyond reasonable dispute that FedEx would have refused to promote Rodriguez even absent a discriminatory motive.

Evaluated under a "direct evidence" analysis, and on this very limited record, the court finds that reasonable jurors could dispute whether FedEx would have refused to promote Rodriguez even absent a discriminatory motive. The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003). The presumption of a discriminatory motive arising from Adkinson's alleged statements, weighed in a light most favorable to Rodriguez against Adkinson's attestations that completing the LAC is a prerequisite for promotion, presents

6

a question of fact on this limited record as to the true motivations for FedEx's failure to promote Rodriguez. The record evidence consists almost entirely of affidavits. No depositions have been taken. Summary judgment is inappropriate where a disputed issue of fact must be resolved by evaluating the affiants' credibility. See Willetts v. Ford Motor Co., 583 F.2d 852, 855 (6th Cir. 1978). Accordingly, summary judgment was properly denied. In re Charfoos, 979 F.2d at 392.

## IV. Conclusion

The Bankruptcy Court's January 31, 2008 Opinion and Order denying FedEx's motion for summary judgment is hereby AFFIRMED. Consistent with a discussion on the record and in chambers on May 19, 2008, the parties may conduct discovery for a period of 90 days, through August 19, 2008, to develop a more thorough factual record. The parties may seek a conference with the court during this same time period for any purpose, including but not limited to ending this discovery period.

SO ORDERED.

Dated: May 27, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---