UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE RODRIGUEZ,

   Plaintiff,

vs.

FEDEX FREIGHT EAST, INC.,

   Defendant.

_____/

Bkrptcy No. 04-47510-PJS
Adversary No. 05-5149-PJS
HON. PHILLIP J. SHEFFERLY
Case No. 08-CV-10637
HON. GEORGE CARAM STEEH

<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#63)</u>

  Plaintiff Jose Rodriguez moves for reconsideration of this court's September 5, 2008 Order denying Rodriguez's motion for judgment notwithstanding the verdict or a new trial. Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

  Rodriguez has failed to demonstrate palpable error. Rodriguez's assertion that the court instructed the jurors not to "[use] the Internet for any purpose regarding this case" is simply false and, not surprisingly, unsupported by a citation to the record. Although Michigan Model Civil Jury Instruction 2.07 was offered as a *proposed* jury instruction, the instruction was not given. Attorney Martin's attestation that "Juror #4 told me that he learned all about the attorneys in the case from the Internet," and Juror #2's and Juror #5's attestations that Juror #4 "told us that he knows all about the attorneys for Mr. Rodriguez and the attorney for the company," "stated he learned about the attorneys from the

Internet," and "that he went on the Internet and read all about the attorneys in the case," are insufficient on their face to set aside the jury verdict or establish a prima facie case of impropriety. Marks v. Shell Oil Co., 895 F.2d 1128, 1130 (6th Cir. 1990); Hard v. Burlington Northern RR Co., 870 F.2d 1454, 1461 (9th Cir. 1989). Rodriguez's assertion that Juror #4 did more than learn about Counsel over the Internet is not supported by the proffered affidavits; the affidavits do not support an inference that Juror #4, for example, read a prior Sixth Circuit opinion related to this lawsuit. Indeed, Rodriguez's Counsel Attorney Rick Martin responded to FedEx's motion to strike this assertion by candidly admitting that co-Counsel Attorney Glotta "*erroneously believed* that the 6th Circuit decision shown to him by plaintiff's counsel Rick Martin, was located on defense counsel Laura Brodeur's website." Plaintiff's August 18, 2008 Response to Motion to Strike, at 1 (emphasis added). Rodriguez's assertion that Juror #4 obtained specific information about the parties' Counsel as set forth in pages 3-9 of the motion for reconsideration is also unsupported by the affidavits. Rodriguez's argument that the court must grant an evidentiary hearing on this record is without merit, and merely presents the same issue already ruled upon by the court. E.D. Mich. LR 7.1(g)(3). The court makes clear that there is absolutely no evidence that Juror #4 accessed the prior Sixth Circuit opinion issued in this matter.

Attorney Martin does not in his more recent affidavit materially contest the circumstances by which he obtained information from Jurors #2, #4, and # 5. As previously set forth by the court:

> Rodriguez's Counsel [Mr. Martin] . . . advanced no reasonable grounds leading him to believe the jury verdict was subject to undue influence *before* he began questioning Jurors # 2, #4, and #5 without notice to this court or opposing Counsel. Simmons First National Bank, 88 F.R.D. [344, 347-48 (E.D. Ark. 1980) (citing inter alia Stephens v. City of Dayton, 474 F.2d 997 (6th Cir. 1973))]. Instead, Rodriguez's Counsel chose to question the jurors alone in the hallway after they left the jury room. Counsel

had the opportunity to obtain a "perspective on the verdict" from the jurors in the presence of the court by joining the court in talking with the jurors in the jury room immediately after trial. Counsel's attestation that Juror #4 "was the most outspoken in *explaining and defending the verdict*" strongly suggests improper questioning of the Jurors regarding matters that occurred during the course of deliberations and the Juror's mental processes in connection with the verdict. See Fed. R. Evid. 606(b). Counsel's post-verdict examination of the Jurors on behalf of his client, without notice to the court or opposing counsel, and without pre-existing grounds for reasonably believing the verdict was tainted, went beyond idle curiosity and was improper. Simmons First National Bank, 88 F.R.D. at 347-48.

September 5, 2008, at 7-8. Counsel's improper questioning of the jurors cannot be condoned. Simmons First National Bank, 88 F.R.D. at 347-48.

Absent a demonstration of palpable error, Rodriguez's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: September 17, 2008

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 17, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---